08-0971. Mr. Lillian, good morning. Good morning, your honors. May it please the court, counsel. Christopher Gober appeals in a post-conviction action, and this is certainly a situation where we are asking some forbearance from the court for a pro se petitioner who made the mistake at one point of discharging a public defender when he shouldn't have. Well, and let's just talk real briefly about that. He made those decisions, and apparently the judge thought that he understood what he was doing in making those decisions. Now how do we give him kind of a mulligan? I mean, what's the theory? Well, the theory is that the law provides for post-conviction petitions to be filed by pro se. He made mistakes in perfecting the direct appeal process. This is at the post-conviction stage where there is more consideration given to a pro se petitioner. The whole statute is set up to file a pro se petition and then proceed from there and try and get over the first or second procedural hurdles with that pro se petition. So to some extent, we're asking the same consideration. At this point, he's in the position of a lot of petitioners who come before this court on pro se post-conviction pleading. So that's where we are now. But yes, we do have to compensate for some of the mistakes he made in the past. And we are asking this court not to count the first pleading that had the words post-conviction petition in the title, which was filed while he still had a motion to withdraw the plea pending, while he still could have perfected a direct appeal. He dropped that motion ultimately. But we're asking that dropping that motion not take away his right to pursue post-conviction relief as well. All right. Is there any, aside from the fact that he's pro se and he's made some procedural mistakes, as you've now just outlined, is there any specific law that would say that that was not a proper post-conviction petition? Well, I think there's not a specific case, no, that I can cite that says that, no. There's a motion to reconsider sentence. Is that a post-conviction motion or petition? Is that a post-conviction motion? No. Why is that? It is a post-judgment motion, but it's not a... Can I talk? Yeah. I mean, if you use... If it is a motion to reconsider sentence, and sentence is what determines the date of conviction, then it is post-conviction. It is a post-conviction filing, yes. And yes, from a lay perspective, is there a difference between, do the words petition and motion necessarily mean anything different? No. From a legal perspective, yes, there is something specifically defined as a post-conviction petition, and a motion to reconsider sentence would not fit the technical statutory definition of a post-conviction petition, but yes, it is a post-conviction filing. Isn't a motion to vacate the plea a post-conviction motion? Yes. Yes. Yes. And he had that motion pending. He entered this guilty plea on February 4th of 2008, fully negotiated plea to the one count of aggravated driving under the influence. He tidily filed, I believe it was on February 20th, a pro se motion to withdraw the guilty plea. He also filed eight days later this first pleading with the title, with the words post-conviction petition in the title. I didn't know, and I realized this when I went back and looked at the petition yesterday. In the prayer for relief in that petition, what he asks for is post-conviction relief under Rule 604D. His reference on page C-104 of the record in that very first post-conviction petition does make a reference to Rule 604D, and he had the Rule 604D motion to withdraw the guilty plea pending at that point in time. Certainly, that means the defendant did not need the post-conviction petition at that point. He was still in the process of, he didn't need a separate post-conviction petition at that point. Was the motion of 8K to withdraw the plea antagonistic with the post-conviction petition? No. In other words, they were arguing it to antagonistic positions? No, they were essentially arguing for the same relief. They were both disputing the performance of his trial counsel, of his plea counsel, I should say. They were both directed at the same thing, and as I said, even the post-conviction made reference to Rule 604D. Certainly, anything that could have been raised in the post-conviction could have been raised in a motion to withdraw the guilty plea. In fact, if anything, a motion to withdraw a guilty plea is broader because it is not restricted to constitutional issues as a post-conviction petition would be. So certainly, the post-conviction petition was effectively premature, if not actually premature, in this situation while the motion to withdraw the plea was still pending. All right, so now we're going back to my question. What does premature mean? It's still a record. It's not like a notice of appeal that's filed before all things are taken care of and we can fix it because there are ways within the rules. The fact that it's premature, what bearing does that have on the fact that it shouldn't be considered a first post-conviction petition? We are asking that because it was an unnecessary filing at that point and he had the motion to withdraw the plea still pending at that point, that that not, as I said earlier, the fact that he gave up his right to perfect a direct appeal, we're asking that at the point where he gave that up, it not require him to also give up his right to pursue post-conviction relief. Are you arguing substance over form and saying that the substance of the post-conviction petition was essentially the same as the motion to vacate the plea and therefore it was essentially a nullity for purposes of post-conviction relief? Yes. Yes. That he did not need that petition to be on file at that point in time. He did allow it to get dismissed. When he briefly had the public defender for the period there, the public defender quite perceptively said shortly after being appointed, I think I'm going to advise him to withdraw that post-conviction petition. He doesn't need it at this point in time. Well, if he's representing him, why didn't he move to withdraw it sui sponte? Because he was not appointed because the judge Crestwell specifically said to him, you're not appointed on the post-conviction petition. You're only appointed on the motion to withdraw the guilty plea. So he, he could not withdraw pleading to which he was on, which he's not appointed to represent. Is there that a lawyer can only represent you in certain things regarding a particular criminal prosecution, but you can represent somebody on certain aspects of the criminal prosecution, but not on all aspects. Well, I think this derives from the fact that Is this schizoid or what? Schizoid? To some extent. I mean, certainly because they were raising the same claims that really that the one role, he really didn't raise the same things that were in there in, in the motion he already had pending. This was simply an unnecessary. He may not realize that acting on his own, but it was an unnecessary pleading at that point. And yes, the attorney represented him on those same claims, but the judge restricted the attorney's appointment to one of the two pleadings that she had filed based on their title. Even though, as I said, I, now that I look back at it, there is even a reference to 604D in that post-conviction petition. They really should have been treated the same. Okay. He forfeited his right to a direct appeal to perfect a direct appeal when he got frustrated and withdrew the motion to withdraw the plea, but he should still have his post-conviction rights. That's why we're asking that the petition filed in August 08, which is the one that this court, the ruling on that one is the one this court is now addressing. That should count as his first post-conviction petition. That petition had the gist of a meritorious constitutional claim. The state has not argued otherwise in its plea, in its brief in this appeal. There is a brief of a claim challenging the meritorious claim. The gist of a meritorious claim challenging the indictment in that pleading, and therefore they should move to stage two of the post-conviction process. But now the fact that the trial attorney, I'm sorry, that the trial judge did not appoint defense counsel on this first post-conviction petition probably underscores the fact that she was looking at it as a post-conviction petition at the first stage. Isn't that correct? Certainly. So that, I mean, that would be the rationale for doing what she did, I would think. And that would explain, of course, why she looked at the later petition as a successive petition. Right. But my point is, I think the Attorney Coco, the public defender's point was well taken when he was there. I'm going to invite him to withdraw this. We just don't need that at this point. We only need the motion to withdraw the plea. Okay. What I would also like to move on to, though, is even if you treat it as a successive petition, as a second petition, Judge Creswell in her ruling says, okay, you're barred from pursuing this because you haven't asked leave, but I'm going to assume, arguably anyway, that there is cause and prejudice. And she goes on and addresses the merits. We would submit under the Tidwell case, the judge did have the right to sua sponte, look at the question of cause and prejudice. She did look at it. And in fact, there is the gist of cause and prejudice here in this particular case. So now you're talking substance versus procedure. I'm saying, yes, even as a second petition, we should still move on now to stage two of the post-conviction process. That he's satisfied, he only needs to show the gist of cause and prejudice under this court's LaPointe decision. He did show the gist of cause and prejudice. She didn't expressly address, Judge Creswell didn't address it in those terms, but she did assume arguendo that cause and prejudice were there and go on to the merits. By her authority to do it, based on the Supreme Court's Tidwell case, we say the gist of cause and prejudice is there. If the gist of cause and prejudice is there, the petition is filed, so we move to the normal three-stage process. Since there is the gist of the claim, we still get, we should still go back to stage two now. We get to the same point, if we are arguing whether you accept that this is the, Can you recommend Tidwell and LaPointe? On which particular? LaPointe said that until the court grants leave to file, it isn't filed. If it isn't filed, there's no jurisdiction rule on it. Tidwell says something. Tidwell says you don't need a formal motion, you can put a request in your pleading, and the judge can choose to address cause and prejudice even if you didn't, if you never had jurisdiction or not. I thought jurisdiction is derived from the Constitution, not from whether the judge decides he's going to follow a certain procedure. In other words, if I decide to address the merits, I have jurisdiction. If I decide not to address the merits, I don't. Tidwell does leave that interpretation open, Your Honor. I can't dispute that. Tidwell does let the judge, the circuit judge, address cause and prejudice even without that request for leave that is set out in section 122.1F of the provision for successive post-conviction petitions. The Supreme Court made allowance for this, that the judge can choose to address cause and prejudice. This judge did, and we submit there in fact was the gist of cause and prejudice, so we should move on, and at this point, we're getting to stage two. One of your client's problems from the very beginning of this proceeding was that he wanted a copy of the bond hearing proceedings. We are fairly clear, based upon this record, that they don't exist, not just for him, but for anybody. Correct, and that's the thing So why then, if this is still, I can't even think of a new, you know, a second stage without some argument about that, and that being important to this particular claim. If it doesn't exist and we know it doesn't exist, why should we even go to that level? I don't think that transcript is important to this particular claim. The client doesn't realize that. I accept that the client never realized. That's what got him so frustrated. He finally abandoned the way to perfect the direct appeal. Apparently, and just taking his word on this, apparently at that bond hearing, the state's attorney made a representation that a police officer had seen him driving the car. That was not in fact the case. The police officer came upon a stopped car. So the state's attorney, in opposing the bond, or when the bond was being set, made some sort of representation about the defendant driving the car that turns out not to be supported by any officer's actual observations. But the man is later, Mr. Goldberg is later indicted. We're proceeding on an indictment, and the indictment is what the post-conviction issued. So in essence, you're saying it doesn't matter? It doesn't matter. I'm not saying the client makes sense of that, Your Honor, but it doesn't matter. And for purposes of the claim, we say there's a gist of the post-conviction. It certainly doesn't matter. Your Honor, there is that attempt to amend the petition. This is one spot where I think Judge Creswell got off track. The attempt to amend this, whether you count it as the first or second petition, occurred before she had issued a ruling. She just wasn't aware of the amended pleadings being unfiled. I think it was a mistake for her to treat that as yet another successive petition. But if you accept our argument on the one filed in August and remand on that, you really don't need to address anything about that third file, and don't need the opportunity to amend the petition if it goes back. So ultimately, I think her procedural handling of that is wrong, but again, that's something that really shouldn't matter here if you remand for Stage 2 post-conviction proceedings. Any other questions? Thank you. You'll have time. Mr. Panzeca. May it please the Court. Good morning, Your Honors, Counsel. Good morning. I'd like to make a couple of scattershot points, opening my argument, just to address some of the things that were discussed with the opposing counsel. The first one, Justice Yanofsky brought up, the post-conviction petition that the defendant first filed was treated as a post-conviction petition by the trial court. The defendant's attorney, albeit for his motion to withdraw a guilty plea, was aware of it. And so that petition was dismissed. No appeal was taken from that ruling. We can't go back to that first post-conviction petition. There's no way. You can't get there from here. Your name's Seneca? Yes. I don't see your name on the brief. Can you tell me what the relationship is between you and this case? Certainly, Your Honor. I came to this case late in the game. The contract attorney who did this brief for us is no longer working for the agency. So they called me in to pinch So I'm not as familiar with the record as I probably normally would be, but I'm familiar enough to know that the post-conviction petition can't be reached at this point. No appeal from it. It is what it was, a post-conviction petition. Is it possible to have a denial of a post-conviction petition before there's a direct appeal? Certainly. You don't have to have a direct appeal. I didn't say that. What I meant to say was before a direct appeal was even justiciable and right. Is there any authority for that proposition? Well, it seems that there was pending a motion to vacate the plea, which meant that a direct appeal, had it been filed, would have been premature. Did the petition get dismissed before the dismissal of the motion to vacate the plea? That was never ruled on. It was withdrawn. The motion to withdraw the plea was withdrawn. So it's as if it was never filed. Okay, but was it withdrawn after the dismissal of the petition? It was. So therefore, at the time the petition was dismissed, the direct appeal was premature to the extent that it was still pending. The post-conviction was premature. Have you ever heard of an instance where a post-conviction petition could be right for appeal before the case was appealable on direct appeal? I haven't seen such a case. And had defendant perfected its direct appeal, we may be in a different situation, but thankfully we're not. He withdrew that motion to vacate his plea, for good or for bad. It's as if it was never filed, and so we only have the post-conviction, which was ruled on by the court. One brief statement on Tidwell. To address your point, Justice McClaren, I can't reconcile it with LaPointe. I don't know what the Supreme Court was thinking. I have no clue whatsoever. But it appears to me, and I say appears because I'm not sure, it appears there's three ways for the court to get at cause and prejudice for a successive petition under Tidwell. One, the defendant can file a motion, a separate motion. Two, he could ask for relief in the actual post-conviction petition after a cause and prejudice determination in the PC itself. Or three, the court can somehow deduce it from the record and make a ruling on it. None of those three things happen here. The court specifically said, I'm not going to address cause and prejudice. I'm not going to make a ruling on it. But even if he did make it, the petition is deficient on the merits. So the court may go ruling on cause and prejudice for that first successive post-conviction petition. And so Tidwell doesn't apply. And we're still left with the fact that there was no cause and prejudice asked for by the court and no ruling made, asked for by the defendant or a ruling made by the court. So Tidwell doesn't apply to this case. One other thing I wanted to get on the record. Could I ask this question before you want to get something on the record? If we remand this to go back to the second stage, do you agree or disagree? What basis would we be remanding them on? On the basis that the trial court committed error. And that it should go back either for a first, second or third stage. Now, so the question is, appellate counsel or defendant says it should be the second stage that it begins when it gets remanded. I'm asking you, what stage do you think it should be if we remand it? Well, given that this could only be a successive petition and it was dismissed because the I think he started from square one. I mean, that would be. How do you address the fact that she said that it's frivolous and it lacks merit? You know, I don't know why Justice Creswell did that. I really don't. I think she, in her mind, she was making some ruling to promote judicial economy. But the fifth, I think it's point five. It does to the extent that if we found that she committed error, it goes to the second stage. And she doesn't have to deal with the first thing. Right. There's still a problem of overcoming him not requesting leave to file a successive petition and not demonstrating cause of prejudice. I don't see how we get over that hurdle. Well, I believe I wrote a case. I don't remember the name of it, but it was in the last year. And there was another judge who did virtually identical or the same thing as Judge Creswell did. Did not even address cause and effect. And ruled on the merits despite the point. And then Tidwell came along and said, it's okay. And we affirmed her decision, even though at the time she made it, it was wrong. But it was right under Tidwell. And, therefore, even though she didn't address, the trial judge didn't address cause and effect or cause and error, prejudice, but did rule that it was frivolous. And we found that that decision was correct. We affirmed the decision. So this isn't the first instance that I have experienced where a judge has not addressed the issue of jurisdiction and granting leave. The trial court just said it's frivolous and it's gone. Right. And what we did in the other case, we addressed the merits. We found that there was no error on the ruling and affirmed it. It would seem logical then that if we find error in this case, we remand it. I don't see how this defendant could demonstrate cause and prejudice if he ever tried. He's basically saying that he didn't have this discovery, which showed that the police officer, for lack of a better term, misspoke at the grand jury proceeding. I thought that there was evidence the police officer told the state's attorney that he reviewed the videotape and he realized that even though he told the grand jury that he asked the question and was told that the defendant said that he was driving, he realized that based upon the videotape, he'd never asked that question. So that would appear to have some prejudicial effect, despite what the state's attorney said at the bond hearing. Well, number one, the defendant had that information during his first post-convention petition, didn't use it. And number two, looking at that statement, what the defendant did admit is that he was traveling from Elgin to Lombard and he was the only one in the car. So while the defendant didn't use the magic words, I was driving, he was driving. It would be the same thing, Justice McClaren, if I asked you, do you like the Cubs? And you would say... I don't. Oh, do you like the White Sox? I don't. After the strike, I gave up my car. Hypothetically, say you like the Cubs and you say, I like the only National League team in Chicago. Okay. It's the exact same thing. He was in the car by himself, traveling from Elgin to Lombard. Either he was driving or the car drove by. So he's not getting anymore with any of that. And he had it during the time of his first post-convention. So if he wanted to raise that, he could have. But he didn't. Well, but he felt, if I've read this correctly, that he had trouble, he couldn't raise that, at least to what he thought was the appropriate level, because he didn't have some document that we now pretty much all know doesn't exist. So does he get, same question I sort of asked Mr. Lillian, is there a mulligan here somewhere that he's entitled to? I don't think so, Your Honor. If you read the record, Judge Creswell had to tell him at least five times on the record that document does not exist. There's no transcripts to that bond hearing. It's not important. It's not relevant. You don't need it. And the claim he's trying to raise now in his post-convention petition has nothing to do with the bond hearing. It has to do with this testimony at the grand jury, not what the state's attorney said at the bond hearing. And Judge, Mr. Lillian referenced that, I believe, when he said, well, he told you he doesn't need that transcript. Whether he knows it or not, he doesn't need it. So regardless of why he was frustrated, I don't see how it determines anything here. The thing I want to get on the record, Your Honor, this defendant has finished serving his sentence. He's out. I want to make doubly sure that he knows that if he's able for some reason to withdraw this plea, he's going to get charged with a Class X. So he could be going back to prison. And I have no way of letting that defendant know that other than getting it on the record here. The statute of limitations hasn't run on the DUI. It runs in November. He was surprised that he would be charged with a Class X if he didn't plead. So I don't know if he understands. I don't know what he understands. But he needs to understand that, that if this goes back and this plea is withdrawn, he's getting charged with a Class X. But he'll get credit for time served. Yes, he will. He'll leave some solace. Yeah. But he'll be going back, hopefully. Is he on MSR and he still has to fulfill? I think, well, two years I think was, so he's still on MSR as far as I know. That's pretty much all I have unless the court has any other questions. Have you ever seen a case like this before? I have never seen a case like this before. Thank you. Mr. Lillian. My one main point, Your Honor, is no, the defendant did not have the materials to raise this issue at the time of the first post-conviction petition. He did not have the discovery materials in this case. Nothing to do with that bond transcript. The documentation that supports his challenge to the indictment was not in his hands when he filed that post-conviction petition. His trial attorney had never shown him the discovery. He did not have it. It was only after Mr. Coco withdrew that sometime later in April is the first time the defendant says I have some of the discovery. That's after the petition has been dismissed. And that's one of the reasons that Judge Creswell dismissed it because there was absolutely nothing attached to it to in any way establish that gist. And that's why there's cause because he did not, that's external to the defendant. He couldn't make his attorney give him the discovery. He did not have the documentation at the time of the first petition. He could not support the claim at the time of the first pleading. Mr. Pesenica suggested that your client was in the frying pan and is now out. And if you win and it goes back and he's charged class X, he has jumped out of the frying pan and he will be put in the fire. So my question to you is, do you want to withdraw this appeal? I certainly do not have the authority. And where can I discuss what my communications with my client about this have been? Are you aware of what he has represented to the court today? Yes. He could end up serving more time. That's on the record. It's in the statement of facts in the brief that the state was threatening to bring a class X charge based on some additional convictions. It determined that the defendant allegedly had from Wisconsin. That's all off record. Yet he was pursuing these pleadings. At the time, he was told that he could have been charged. And I think what Mr. Pesenica is now saying is that he thinks that that will happen. But it's on the record. The client was advised if you withdraw. He was given proper 605 admonitions. If you withdraw your plea, this starts over and the charges that were dismissed come back. Yes, there are situations when we have clients who wish to withdraw guilty pleas who it might not be. We might not think that's the best decision, but that is not our decision to make. Now, Mr. Pesenica says that Tidwell just doesn't apply. You want to refute that or do you think you've sufficiently done that? I think I already have. Judge Cresswell here chose to. Yes, she said it in terms of assuming arguendo. But she took the step beyond. She took that second step. She went on to the merits. Therefore, this court can look at the cause and prejudice question because she took that step. Anything further? No. Okay. Thank you very much, counsel. At this time, the court will take the matter under advisement and render a decision into course.